UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL DALE HARLOW,

      Petitioner,

v.                                   Case No. 8:09-cv-203-T-23TGW

SECRETARY, Department of Corrections,

      Respondent.

_____/

# O R D E R

      Harlow petitions under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his convictions for burglary of a dwelling, grand theft of an automobile, and dealing in stolen property, for which convictions Harlow serves fifteen years as a prison releasee re-offender.  Numerous exhibits ("Respondent's Exhibit __") support the response.  (Doc. 13)  The two grounds asserted in the petition allege that the trial judge committed fundamental error by sending a witness to the jury room with the jurors during a break in that witness's testimony and that trial counsel was ineffective for not objecting to the judge's allegedly fundamental error.  Although admitting the petition's timeliness (Response at 8, Doc. 13), the respondent correctly contends that the first ground is procedurally barred from federal review and that the second ground lacks merit.

### FACTS[1]

While working for his father and uncle renovating and landscaping a home, Dixon stole jewelry, electronic equipment, and a car from the home.  He abandoned the car in a parking lot and sold the stolen items at several local pawn shops.  Harlow was questioned by the police and, after *Miranda* warnings, he confessed to the thefts and the burglary and disclosed the pawn shops where he sold the items.  One of the pawn shop owners identified Harlow as the individual who sold several of the items.

### EXHAUSTION AND PROCEDURAL DEFAULT

In ground one Harlow alleges that the trial committed fundamental error and violated his right to due process by sending a witness to the jury room with the jurors during a break in that witness's testimony.  The respondent correctly argues that Harlow failed to present this claim to the state court as a federal claim.

A petitioner must present each claim to a state court before raising the claim in federal court.  "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995), *Picard v. Connor*, 404 U.S. 270, 275 (1971).  *Accord Rose v. Lundy*, 455 U.S. 509, 518-19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus

---

[1] This summary of the facts derives from Harlow's brief on direct appeal.  (Respondent's Exhibit 2)

giving those courts the first opportunity to review all claims of constitutional error."),

and *Upshaw v. Singletary*, 70 F.3d 576, 578 (11th Cir. 1995) ("[T]he applicant must

have fairly apprised the highest court of his state with the appropriate jurisdiction of

the federal rights which allegedly were violated."). Also, a petitioner must present to

the federal court the same claim presented to the state court. *Picard v. Connor*, 404

U.S. at 275 ("[W]e have required a state prisoner to present the state courts with the

same claim he urges upon the federal courts."). "Mere similarity of claims is

insufficient to exhaust." *Duncan v. Henry*, 513 U.S. at 366.

A petitioner must alert the state court that he is raising a federal claim and not

just a state law claim.

> A litigant wishing to raise a federal issue can easily indicate the federal law
> basis for his claim in a state-court petition or brief, for example, by citing in
> conjunction with the claim the federal source of law on which he relies or a
> case deciding such a claim on federal grounds, or by simply labeling the claim
> "federal."

*Baldwin v. Reese*, 541 U.S. 27, 32 (2004). As a consequence, "[i]t is not enough that

all the facts necessary to support the federal claim were before the state courts, or that

a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6

(1982). *See also Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1271, 1345 (11th Cir. 2004)

("The exhaustion doctrine requires a habeas applicant to do more than scatter some

makeshift needles in the haystack of the state court record.") (citations omitted).

Finally, presenting a federal claim to a state court without the facts necessary to

support the claim is insufficient. *See, e.g., Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir.

1983) ("The exhaustion requirement is not satisfied if a petitioner presents new legal theories or entirely new factual claims in support of the writ before the federal court.").

In his state post-conviction petition, Harlow presented his allegation of fundamental error only as a state law claim. Briefing an issue as a matter of state law is not sufficient to exhaust a federal claim on the same grounds.

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

*Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). Adequately identifying an issue as a federal claim is not difficult.

> A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal."

*Baldwin v. Reese*, 541 U.S. 27, 32 (2004). In his state post-conviction petition, Harlow asserted no federal authority supporting his fundamental error claim and he never labeled his claim as "federal." Consequently, Harlow failed to properly exhaust the federal claim he asserts in his federal petition.

The failure to properly exhaust each available state court remedy causes a procedural default of the unexhausted claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) ("Boerckel's failure to present three of his federal habeas claims to the Illinois

- 4 -

Supreme Court in a timely fashion has resulted in a procedural default of those claims."); *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief."); *Kennedy v. Herring*, 54 F.3d 678, 684 (1995) ("If a claim was never presented to the state courts, the federal court considering the petition may determine whether the petitioner has defaulted under state procedural rules."), *appeal after remand, Kennedy v. Hopper*, 156 F.3d 1143 (11th Cir.), *cert. denied sub nom Kennedy v. Haley*, 526 U.S. 1075 (1999).

Because Harlow procedurally defaulted ground one, review is foreclosed unless Harlow can satisfy one of two tests. To overcome procedural default, Harlow must establish either (1) "cause for the default and prejudice attributable thereto" or (2) "that failure to consider [the defaulted] claim will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989).

To demonstrate "cause" for his procedural default, Harlow must justify his failure to comply with Florida's procedural rules. In general, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." *Murray v. Carrier*, 477 U.S. at 488. *See Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995). Even if he shows cause for his procedural default,

Harlow must show prejudice arising from the alleged constitutional error. A petitioner must show that he suffered actual prejudice, "not merely that the errors of the trial created a <u>possibility</u> of prejudice, but that they worked to his <u>actual</u> and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis original). *Accord Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991). In essence, to show actual prejudice, Harlow must demonstrate that the alleged errors so infected the trial that his resulting conviction violates due process. Harlow fails to meet his burden.

The state post-conviction court rejected the ground as factually unsupported because Harlow failed to show either that the witness and the jurors were in the jury room together or that any communication occurred between them.

> In ground one, Defendant alleges fundamental error. Specifically, Defendant contends fundamental error occurred when the trial court sent a witness and the jury into the jury room together. Defendant argues that any communications between a witness and a juror outside the presence of the parties is "so fraught with potential prejudice that it cannot be considered harmless." Defendant is referring to the following proceedings:
>
> > THE COURT: Deputies, take the jury out for a moment. This is going to be a, like, five minute stretch break.
> > (The jury exited the courtroom)
> >
> > THE COURT: And the record will reflect that the jury has exited the courtroom and since we're dealing with an impeachment issue, I'm going to ask that the detective just go - -
> >
> > DETECTIVE O'CONNOR: Sure.
> > (The witness exited the courtroom)
> >
> > THE COURT: - - in the jury room. So that - - we're going to be arguing. And this way, arguing in the presence of the defendant, but that the witness is - - is in the jury room and outside the

- 6 -

presence of the argument.  Since this is an impeachment issue, I
thought this would be the better way to do it.
(See Exhibit A to Defendant's Motion, attached).

For an error to be fundamental, "the error must reach down into the validity of
the trial itself to the extent that a verdict of guilty could not have been obtained
without the assistance of the alleged error." *State v. Delva*, 575 So. 2d 643, 644-
45 (Fla. 1991).  Fundamental error must go to the foundation of the case or to
the merits of the cause of action; otherwise, the error is procedural in nature.
*See D'Oleo-Valdez v. State*, 531 So.2d 1347, 1348 (Fla. 1988).  However, the
Court finds that Defendant fails to allege that the jurors and the witness were
in the jury room at the same time or that any communication occurred.
Absent a showing that the guilty verdict would not have been obtained without
the alleged interaction, the Court finds Defendant's allegation of fundamental
error to be speculative and conclusory.  "The defendant in a post-conviction
proceeding bears the burden of establishing a prima facie case based upon a
legally valid claim.  Mere conclusory allegations are not sufficient to meet this
burden." *Cook v. State*, 792, So. 2d 1197, 1201 (Fla. 2001).  Moreover,
postconviction relief cannot be based on speculative assertions.  *Jones v. State*,
845 So. 2d 55, 64 (Fla. 2003).  As such, Defendant is not entitled to relief on
ground one.

Harlow presents in his federal petition the same factual argument he presented to the

state court.  Based on the state post-conviction court's determination that Harlow's

allegation was conclusory, Harlow fails to show actual prejudice.

As an alternative to showing "cause and prejudice," Harlow must show that

dismissal of his procedurally defaulted grounds will result in a "fundamental

miscarriage of justice," an especial difficulty because Harlow must demonstrate

"actual innocence" of the crime of conviction.  *See Smith v. Murray*, 477 U.S. 527, 537

(1986) (citing *Murray v. Carrier*, 477 U.S. at 496).  *See also Engle v. Isacc*, 456 U.S. 107,

134-35 (1982), and *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)[2] (denying certificate

---

[2]  Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October
1, 1981, binds this court.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

of probable cause and holding that a petitioner must show "as a factual matter that he did not commit the crime of conviction.").  Additionally, to meet the "fundamental miscarriage of justice" exception, Harlow must show constitutional error coupled with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Harlow's unchallenged confession precludes a claim of actual innocence.

Harlow meets neither the "cause and prejudice" nor the "fundamental miscarriage of justice" exception to procedural default.  Consequently, ground one is procedurally barred from review on the merits.[3]  Harlow's claim of ineffective assistance of counsel in ground two is entitled to a review on the merits.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Harlow claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)).  *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

---

[3] Proving ineffective assistance of counsel overcomes a procedural default.  A defendant must have exhausted what he claims excuses his procedural default, to the extent the basis constitutes an independent constitutional claim.  *See Murray v. Carrier*, 477 U.S. at 488-89 (noting that if ineffective assistance of counsel is alleged as cause to excuse a procedural default, the claim of ineffectiveness must be presented to the state courts as an independent claim).  Harlow's claim of ineffective assistance of counsel is rejected in ground two.

>The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Harlow must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691-92. To meet this burden, Harlow must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690-91. Harlow cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (*quoting Burger v.*

- 10 -

*Kemp*, 483 U.S. 776, 794 (1987)).  *See also Jones v. Barnes*, 463 U.S. 745, 751 (1983)

(counsel has no duty to raise a frivolous claim).

Harlow must prove that the state court's decision was "(1) . . . contrary to, or

involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States or (2) . . . based on an

unreasonable determination of the facts in light of the evidence presented in the State

court proceeding."  28 U.S.C. § 2254(d).  In determining "reasonableness," a federal

petition for the writ of habeas corpus authorizes an independent assessment of

"whether the state habeas court was objectively reasonable in its *Strickland* inquiry"

but not an independent assessment of whether counsel's actions were reasonable.

*Putnam v. Head*, 268 F.3d 1223, 1244 n.17 (11th Cir. 2001), *cert. denied*, 537 U.S. 870

(2002).  Sustaining a claim of ineffective assistance of counsel is very difficult because

"[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and

when the two apply in tandem, review is 'doubly' so."  *Richter*, 131 S. Ct. at 788.  *See*

*also Pinholster*, 131 S. Ct. at 1410 (A petitioner must overcome this "'doubly

deferential' standard of *Strickland* and the AEDPA."), and *Johnson v. Sec'y, Dep't of*

*Corr.*, 643 F.3d 907, 911 (11th Cir. 2011) ("Double deference is doubly difficult for a

petitioner to overcome, and it will be a rare case in which an ineffective assistance of

counsel claim that was denied on the merits in state court is found to merit relief in a

federal habeas proceeding.").

In summarily denying Harlow's motion for post-conviction relief, the state court specifically recognized that *Strickland* governs a claim of ineffective assistance of counsel. (Respondent's Exhibit 8 at 1-2) Because the state court rejected the claim based on *Strickland*, Harlow cannot meet the "contrary to" test in Section 2254(d)(1). Harlow instead must show that the state court unreasonably applied *Strickland* or unreasonably determined the facts. The presumption of correctness and the highly deferential standard of review requires that the analysis of the claim begin with the state court's analysis.

Ground Two:

Harlow alleges that trial counsel was ineffective for not objecting to the trial court's fundamental error asserted in ground one. The state post-conviction court rejected this claim as follows (Respondent's Exhibit 8 at 4-5):

> In ground two, Defendant alleges ineffective assistance of counsel for failure to object or move for a mistrial. Specifically, Defendant contends counsel should have objected or moved for a mistrial when the trial court sent a witness and the jury into the jury room together. Defendant argues that the trial court's actions were presumptively prejudicial and that counsel's deficiency caused the issue to not be preserved for review. Defendant argues further that counsel's failure to object prejudiced him and "may have affected the outcome of the proceedings."
>
> Initially, the Court notes that its review of Defendant's claim will focus, not on whether counsel's performance diminished Defendant's appellate rights, but instead, on whether there was a reasonable probability that, but for counsel's error, the result of the trial court proceeding would have been different. *See State v. Bouchard*, 922 So. 2d 424 (Fla. 2d DCA 2006). Because he fails to allege that the jurors and the witness were in the jury room at the same time or that any communication occurred, the Court finds Defendant's claim conclusory. *See Kennedy v. State*, 547 So. 2d 912, 913 (Fla. 1989) (finding that a defendant may not simply file a rule 3.850 motion containing conclusory

allegations of ineffective assistance of trial counsel expecting to receive an evidentiary hearing).  Moreover, the Court finds that Defendant's assertion that the outcome "may have been different" is insufficient to satisfy the prejudice prong of *Strickland*.  *See Duckett v. State*, 918 So. 2d 224, 235 (Fla. 2005) (finding "Duckett's vague assertion that he was 'denied an adversarial testing' insufficient to present a valid claim for relief").  As such, Defendant is not entitled to relief on ground two.

The record shows that the jurors were led from the courtroom for a "five minute stretch break," but the record fails to disclose whether the juror's "stretch break" occurred in the jury room or in the hallways of the courthouse.  To the contrary, the testifying witness was specifically directed to the jury room until the impeachment issue was resolved.  Harlow presents no evidence that the witness and the jurors were actually together and communicated.  Instead, Harlow's allegation is based solely on the record, which supports the post-conviction court's determination that ground two was conclusory.  Harlow fails to show prejudice as required by *Strickland*.  Consequently, Harlow fails to show that the state court's decision is either an unreasonable application of *Strickland* or an unreasonable determination of the facts.

Accordingly, Harlow's petition for the writ of habeas corpus (Doc. 1) is **DENIED**.  The clerk shall enter a judgment against Harlow and close this case.

## CERTIFICATE OF APPEALABILITY

Rule 11(a), Rules Governing Section 2254 Cases, requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  As stated in *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000):

- 13 -

To obtain a COA under § 2254(c), a petitioner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot [v. Estelle*, 463 U.S. 880 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" *Barefoot*, *supra*, at 893, and n.4, 102 S. Ct. 3383 ("sum[ming] up" the "substantial showing" standard).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  This construction gives meaning to Congress' requirement that a prisoner demonstrate substantial underlying constitutional claims and is in conformity with the meaning of the "substantial showing" standard provided in *Barefoot*, *supra*, at 893, and n.4, 102 S. Ct. 3383 . . . .

An applicant need not show probable success on appeal, but the issuance of a certificate of appealability entails more than "mere good faith" or only the "absence of frivolity."  As stated in *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003):

We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus.  Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.  As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  529 U.S. at 484, 120 S. Ct. 1595.

Harlow's petition for the writ of habeas corpus was denied on both procedural grounds and on the merits.  Because jurists of reason would not fairly debate either (a) whether the petition states a valid claim of the denial of a constitutional right or (b)

the correctness of the order dismissing the petition, a certificate of appealability is unwarranted.

Accordingly, a certificate of appealability is **DENIED**.  Leave to proceed *in forma pauperis* on appeal is **DENIED**.  Harlow must pay the full $455 appellate filing fee without installments unless the circuit court allows Harlow to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on February 24, 2012.

*Steven D. Merryday*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE